UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

---

ESTATE OF MIMI ADLER,

    Plaintiff,

v.

JAMES S. ADLER,

    Defendant.

Case No.: _____

---

# COMPLAINT

Plaintiff Estate of Mimi Adler (the "Estate"), by and through William D. Zabel, Esq., in his representative capacity as Preliminary Executor of the Estate, respectfully submits this complaint against Defendant James S. Adler ("James Adler").

## NATURE OF THE ACTION

1. This is a breach of contract proceeding to enforce payment obligations of James Adler under the terms of two promissory notes, dated January 18, 2000 (the "2000 Note") and November 15, 2002 (the "2002 Note").

2. The 2000 Note was executed to evidence a debt owed to Mimi Adler for $60,000 plus interest at an annual rate of 6 percent.

3. The 2002 Note was executed to evidence a debt owed to Mimi Adler for $2,337,108 (subsequently reduced to $2,197,108) plus interest at an annual rate of 6 percent.

4. Both the 2000 Note and the 2002 Note became due and payable *in full* on September 4, 2021.

5. Despite demand for payment, James Adler has failed to satisfy his payment obligations. Accordingly, the Executor of the Estate has commenced this proceeding to recover sums due to the Estate.

## PARTIES, JURISDICTION, AND VENUE

6. Plaintiff, the Estate of Mimi Adler, was established pursuant to New York law following the death of Mimi Adler, who was at all relevant times domiciled in the State of New York. The Estate constitutes the surviving legal interests and entitlements of Ms. Adler. William D. Zabel, Esq., a resident of New York, served as legal counsel to Ms. Adler during her lifetime and has been appointed as the Preliminary Executor of the Estate.

7. Defendant James S. Adler is the son of Mimi Adler and a resident of the State of Florida, residing at 2011 North Point Alexis Drive, Tarpon Springs, Florida 34689. James Adler executed the 2000 Note and 2002 Note undertaking the indebtedness obligations therein.

8. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a) because (i) there is complete diversity of citizenship between Plaintiff Estate of Mimi Adler and Defendant James Adler, and (ii) the matter in controversy exceeds $75,000, exclusive of interest and costs.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because the United States District Court for the Middle District of Florida is the federal judicial district that embraces Pinellas County, where Defendant James Adler resides.

## FACTUAL BACKGROUND

**The 2000 Note.**

10. On January 18, 2000, James Adler and his wife, Jill Adler, executed the 2000 Note, pursuant to which they jointly and severally promised to repay Mimi Adler the principal sum of $60,000, together with interest at an annual rate of 6% on the unpaid balance, payable in full on January 18, 2001. James Adler has acknowledged that he executed the 2000 Note.

11. On May 12, 2006, James Adler, Jill Adler, and Mimi Adler executed a supplementary agreement regarding the 2000 Note (the "2000 Note Acknowledgment and Agreement") extending the due date upon which the principal sum and interest were to be due and payable under the 2000 Note, from January 18, 2001 until six months following the death of Mimi Adler.

**The 2002 Note.**

12. On November 15, 2002, James Adler executed the 2002 Note, pursuant to which he agreed to repay to Mimi Adler a loan in the principal amount of $2,337,108, along with interest on the unpaid principal amount owed. James Adler has acknowledged that he executed the 2002 Note.

13. James Adler also executed two corresponding agreements (the "2002 Note Loan Agreement" and the "2002 Note Acknowledgment and Agreement"). The 2002 Note Loan Agreement requires James Adler to make mandatory prepayments of principal *upon Mimi Adler's death* or upon the sale of either of James Adler's two homes.

14. The 2002 Note Loan Agreement sets forth specific events of default that trigger an obligation by James Adler to immediately pay the entire outstanding principal and interest on the

2002 Note ("Events of Default"). Relevant to this proceeding, Section 1.5(a) of the 2002 Note Loan Agreement provides that an Event of Default occurs if James Adler:

> shall fail to make any payment of interest on or principal of the Promissory Note when the same shall become due and payable (whether upon Mimi's demand for same, upon the maturity thereof, or otherwise), and such failure shall continue without cure for a period of twenty (20) days or more from the date of its occurrence.

Section 1.6(a) of the 2002 Note Loan Agreement provides that, upon the occurrence of an Event of Default, "the then outstanding principal balance of the Promissory Note, and all accrued and unpaid interest thereon, shall automatically and immediately become due and payable, without notice, protest, or demand of any kind."

15.   Further, in the 2002 Note Acknowledgment and Agreement, James Adler acknowledged his agreement to "pay the entire principal balance [of the 2002 Note] by no later than 6 months following the date of Mimi's death."

**Defendant Has Not Satisfied His Payment Obligations.**

16.   Mimi Adler died on March 4, 2021. As such, all sums payable under the 2000 Note and 2002 Note were due and payable by no later than September 4, 2021 (six months following Mimi Adler's death).

17.   On October 13, 2021, Mr. Zabel, in his capacity as Preliminary Executor of the Estate, issued a written demand to James Adler for payment of the 2000 Note and 2002 Note in full by October 20, 2021.

18.   James Adler has not yet remitted any payment on the 2000 Note or indicated any willingness to satisfy its payment obligations. As of November 30, 2021, the total amount currently outstanding, overdue and payable on the 2000 Note is **$138,790.88**, which includes $60,000 in principal and $78,790.88 in accrued and unpaid interest.

19. Similarly, James Adler has not yet remitted any payment on the principal due under the 2002 Note (other than a $140,000 payment, which reduced the principal to $2,197,108).  As of November 30, 2021, interest of $1,944,229.90 has accrued under the 2002 Note, and partial payments on that accrued interest have been made totaling $955,879.

20. The entire amount currently outstanding, overdue and payable on the 2002 Note is **$3,185,458.90** which includes $2,197,108 in principal and $988,350.90 in accrued and unpaid interest.

## COUNT 1
## BREACH OF CONTRACT
### (Payment Owed Under the 2000 Note)

21. Plaintiff restates and re-alleges the paragraphs above as if fully set forth herein.

22. On January 18, 2000, James Adler and his wife, Jill Adler, executed the 2000 Note under which they jointly and severally promised to repay Mimi Adler the principal sum of $60,000, together with interest at an annual rate of 6% on the unpaid balance, payable in full on January 18, 2001.  James Adler has acknowledged that he executed the 2000 Note and has never disputed its existence.  The Estate will be able to establish that it is in possession of the 2000 Note or reestablish the 2000 Note and its right of enforcement pursuant to Fla. Stat. § 673.3091.

23. As of May 12, 2006, no payments had been made on the principal of the 2000 Note or on the interest due thereon.

24. On May 12, 2006, James Adler, Jill Adler, and Mimi Adler executed the 2000 Note Acknowledgment and Agreement extending the due date upon which the principal sum and interest were to be due and payable under the 2000 Note, from January 18, 2001 until six months following the death of Mimi Adler.

25. Mimi Adler died on March 4, 2021.

26. All sums payable under the 2000 Note were due and payable by no later than September 4, 2021.

27. James Adler has not yet remitted any payment on the 2000 Note or indicated any willingness to satisfy his payment obligations.

28. The total amount currently outstanding, overdue and payable on the 2000 Note is **$138,790.88**, which includes $60,000 in principal and $78,790.88 in accrued and unpaid interest.

29. The Estate of Mimi Adler has suffered damages as a result.

## COUNT 2
## BREACH OF CONTRACT
### (Payment Owed Under the 2002 Note)

30. Plaintiff restates and re-alleges the paragraphs above as if fully set forth herein.

31. On November 15, 2002, James Adler executed the 2002 Note under which he agreed to repay to Mimi Adler a loan in the principal amount of $2,337,108, along with interest on the unpaid principal amount owed. James Adler has acknowledged that he executed the 2002 Note and has never disputed its existence. The Estate will be able to establish that it is in possession of the 2002 Note or reestablish the 2002 Note and its right of enforcement pursuant to Fla. Stat. § 673.3091.

32. The 2002 Note Loan Agreement provided that upon the occurrence of an Event of Default, "the then outstanding principal balance of the Promissory Note, and all accrued and unpaid interest thereon, shall automatically and immediately become due and payable, without notice, protest, or demand of any kind."

33. Under the 2002 Note Loan Agreement, James Adler was obligated to make mandatory prepayments of principal upon Mimi Adler's death or upon the sale of either of James Adler's two homes.

34. Mimi Adler died on March 4, 2021.

35. As of the date of the instant filing, no payments on the principal due under the 2002 Note have been made except for a $140,000 payment, which reduced the principal to $2,197,108. Interest of $1,944,229.90 has accrued under the 2002 Note, and partial payments on that accrued interest have been made for $955,879.

36. Under the 2002 Note and corresponding instruments, James Adler's failure to pay constitutes an Event of Default upon which payment becomes immediately due. This Event of Default was never waived by the Estate.

37. The total amount currently outstanding, overdue and payable on the 2002 Note is **$3,185,458.90**, which includes $2,197,108 in principal and $988,350.90 in accrued and unpaid interest.

38. The Estate of Mimi Adler has suffered damages as a result.

## **RELIEF REQUESTED**

WHEREFORE Plaintiff, ESTATE OF MIMI ADLER, requests that judgment be rendered against Defendant, JAMES ADLER, in favor of Plaintiff, ESTATE OF MIMI ADLER, for:

(1) As to Count 1, the total amount due and owing under the 2000 Note for the full amount of principal plus interest equaling One Hundred Thirty-Eight Thousand Seven Hundred Ninety Dollars and 88/100 ($138,790.88);

(2) As to Count 2, the total amount due and owing under the 2002 Note for the entire amount of principal plus interest equaling Three Million One Hundred Eighty-Five Thousand Four Hundred Fifty-Eight Dollars and 90/100 ($3,185,458.90);

(3) As to Count 1 and Count 2, any additional interest that accrues on the 2000 Note and the 2002 Note, respectively; and

(4) any further relief the Court deems just and proper.

Dated:  December 20, 2021

Respectfully submitted,

BERGER SINGERMAN LLP
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340

*s/ Justin B. Elegant*

_____
Justin B. Elegant
Florida Bar No. 0134597
jelegant@bergersingerman.com

-and-

Taleah Jennings
*Pro hac vice application forthcoming*
Schulte Roth & Zabel LLP
919 Third Avenue
New York, NY 10022
Taleah.Jennings@srz.com

*Attorneys for the Estate of Mimi Adler*